The Chief Justice
delivered the opinion of the court.
This was an action of covenant, brought in the Nelson circuit court, to recover part of the price of a tract of land purchased by the defendants, of the plaintiff. After setting forth ihe covenant, the plaintiff alledges in his declaration* a conveyance of the land on his part, and a failure to pay on the part of the defendants.
The defendants pleaded in bar of the action, a former judgment rendered by the same court in their favor, in an action brought against them by the plaintiff upon the samé covenant, which judgment was afterwards affirmed by the court of appeals, the record Whereof they exhibit in court. To this plea the plaintiff, after Oyer of the record of the former suit being given to him, demurred.
The defendants, for further plea, alledged, in substance, that at the time of the purchase of the land, they paid a part of the price; that it was agreed between them and the plaintiff, that they should pay the balance thereof Within seven years, in trade; and they aver that they did, within seven years, set apart and tender trade to the amount of the balance, at their usual place of residence, of which the plaintiff had notice, but failed and refused to attend; and they alledge their readiness still to pay the same.
To this plea the plaintiff also demurred, and both demurrers being joined, the court below gave judgment op *322 each for the defendants, to which the plaintiff prosecute! this writ of error-
Whenpiren ^for ^ ¿eft. because ofthe insuffi-decía-ration, it is no bar to a-for the same cause.
OYERof right a record of another court, retM-d^i ^of thecourtsus-taming the
vena t prombln^to pay money withoutaday s^and fcasance modifying the must be of e quaf dignity with the co-yenant, or is
tenderofpro-perty where good," must its at the la-enf time^of the last day by which the ío^made*8
If we take the record of the former suit, as a part of the record in this case, there can be no doubt that the first P^ea *s insufficient to bar the plaintiff of his action, for it appears that the judgment given in that case, was rendered for the defendants, on the ground of the insufficiency of plai'rtiff’s declaration, and such a judgment cannot be a bar to another action, founded upon the same contract, But it is urged, that the record of the former suit cannot be ia^en as Part °f the record of this; because, as it is alledg-ed, profert of the record was not necessary, and oyer could of right be taken of it. But although it were admit-that profert was not, in such case, necessary, and that °yer could not be claimed ot right; yet as profert was in fact made, and oyer craved and given, the record alledged *n P^ea must, we apprehend, be assumed to be a part of the rec°rd of this case. But we cannot admit that oyer could not of right be claimed in such a case. Where the re-cor<^ pRaded is of a judgment in another court, oyer can-noL °f right, be claimed; but we are aware of no adjudged case, in which it has been determined that oyer cannot be claimed of right, where the record pleaded is of the c°urt, and the treatises upon practice and pleading, lay down the doctrine otherwise. 2 Chitty, 438; Tidd’s prac. 689.
The first plea, therefore, is clearly laid, and the court er* red ⅛ not sustaining the demurrer to it.
That the second plea is also bad, is no less evident,
covenant declared on, is for the payment of 4 dol-jars pe¡i acre j[)e {rac{ purchased without specifying any time for the payment. It must therefore be taken as a contract for the immediate payment of money, and as the alledged in the plea is for the payment of property, at a long credit, and is not shewn to be of equal dignity with the covenant declared on it, is clearly no bar to act‘on- Besides, the tender alledged is not good in discharge of the agreement stated in the plea, for as it is al-ledged to have been made in the absence of the plaintiff, *n or<^er *° he ⅜>°°⅜ it ought to have been made on the latest convenient time of the last day of the period within which payment might be made, and this is not averred.
The court below, therefore, should have given judgment for the plaintiff on both demurrers.
B. Hardin for appellant.
Judgment reversed with cost, and the cause remanded fbr proceedings to be had, not inconsistent with the foregoing opinion.